UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH DANIELS,

        Plaintiff,

v.

SIA ABRASIVES, INC. USA; and
ROBERT BOSCH, LLC,

        Defendants.

C19-626 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Robert Bosch, LLC's Motion to Dismiss Party for Lack of Personal Jurisdiction, docket no. 11, is DENIED. Defendant Robert Bosch, LLC ("Bosch") is subject to the specific personal jurisdiction of this Court. Bosch has "purposefully directed [its] activities at residents of [Washington], and the litigation result[ed] from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations and quotation marks omitted). Plaintiff has provided documentary evidence indicating that Bosch employed him, or, at the very least, would exercise some control over him as an employee. *See, e.g.*, Declaration of Joseph Daniels, docket no. 15-1, Ex. A at 10 (Agreement on Innovations signed by Plaintiff stating "Robert Bosch LLC has offered me employment, and I have agreed to accept employment and to remain employed with the Company"); *id.*, Ex. A at 11 (Employee Responsibility Statement signed by Plaintiff stating "I understand that in the course of my employment with ROBERT BOSCH LLC (RBNA) . . ."); *id.*, Ex. B (December 4, 2017 letter from Michael P. Gerskovich to Plaintiff on Robert Bosch LLC letterhead informing Plaintiff of a salary increase); *id.*, Ex. F (separation agreement between Plaintiff "and **Robert Bosch Tool Corporation** an

MINUTE ORDER - 1

affiliated entity of Robert Bosch LLC and/or Robert Bosch North America (collectively the 'Company')" terminating Plaintiff) (emphasis in original). "[E]mploying a Washington resident to perform work in Washington constitutes the 'transaction of any business within this state' under RCW 4.28.185(1)(a)." *Failla v. FixtureOne Corp.*, 181 Wn.2d 642, 654 (2014); *see also* RCW 49.46.010(4) (minimum wage statute defining "employer" as "any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee"); RCW 49.48.082 (unpaid wage statute incorporating the definition of "employer" from the minimum wage statute). Viewing the facts in the light most favorable to Plaintiff, Plaintiff has made a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff's claims arise from Bosch's employment of Plaintiff within the state and this Court's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

    (2)    Defendant sia Abrasives, Inc. USA's ("sia Abrasives") Motion to Transfer Venue, docket no. 16, is DENIED. The Court finds that the factors in *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) favor denying the motion to transfer. A plaintiff's choice of forum deserves substantial weight and "defendant must make a strong showing of inconvenience to warrant upsetting" that choice. *See Decker*, 805 F.2d at 843. The convenience of the parties and of the likely witnesses are evenly balanced between this District and the Western District of North Carolina. The relative ease of access to evidence, most of which is apparently in electronic form, and the relative court congestion and time to trial are also neutral. Although Plaintiff appears to be in the process of selling his home and lacks a "permanent residence," he contends that he is still a Washington resident. *See* Declaration of Joseph Daniels, docket no. 22-2, ¶ 14. In any event, during the events giving rise to his complaint—with the exception of a temporary relocation to Texas—Plaintiff resided in Washington. *Id.* ¶¶ 11, 12. The letter of appointment between sia Abrasives and Plaintiff lacks any venue provision. Notwithstanding Defendants' desire to transfer this action to North Carolina and to consolidate it with a separate, later-filed trade secret dispute, Plaintiff's claims arise under Washington law. Therefore, this Court has an interest in applying local law to a local dispute. Together, the factors weigh strongly in favor of denying the motion to transfer.[1]

---

[1] Transfer to a different venue is only proper when every defendant is subject to the personal jurisdiction of the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335 (1960). Defendant sia Abrasives, however, failed to brief whether Defendant Bosch is subject to the personal jurisdiction of the transferee court in North Carolina, presuming that Bosch's "motion to dismiss for lack of personal jurisdiction will be granted by the time the instant motion is ruled upon, and therefore, the residency of [Bosch] is irrelevant for the purposes of the instant motion." Def. sia's Mot. to Transfer Venue, docket no. 16, at 5. Because the Court now denies

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 9th day of August, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

Bosch's motion to dismiss, sia Abrasives' presumption was misplaced. In any event, the issue is moot because the Court denies the motion to transfer on independent grounds.